**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5002**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SHARMA SHAMIL WAKEFIELD,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:11-cr-00476-HMH-1)

_____

Submitted:  March 29, 2012              Decided:  April 2, 2012

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharma Shamil Wakefield pled guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 180 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Wakefield's attorney has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Wakefield's guilty plea. Although informed of his right to do so, Wakefield has not filed a pro se supplemental brief. The Government has declined to file a responsive brief.

Prior to accepting a guilty plea, the district court must inform the defendant of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights relinquished with the plea. Fed. R. Crim. P. 11(b). The court must also determine that the plea is voluntary and that there is a factual basis for the plea. United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). A review of the record reveals that the district court complied with Rule 11's requirements, ensuring that Wakefield's guilty plea was knowing and voluntary and supported by a sufficient factual basis. Accordingly, we discern no error in the district court's acceptance of Wakefield's guilty plea.

In accordance with <u>Anders</u>, we have examined the record for potentially meritorious issues and have found none. We affirm the judgment of the district court. This court requires that counsel inform Wakefield, in writing, of his right to petition the Supreme Court of the United States for further review. If Wakefield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wakefield. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>